# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRETCHEN W. REAVES, for the use and benefit of the FEDERATED KAUFMANN FUND, <br><br> Plaintiff, <br><br> v. <br><br> FEDERATED INVESTORS, INC., et al., <br><br> Defendants. | Civil Action No. 2:05cv201 <br><br> JUDGE DAVID S. CERCONE <br><br> Document Filed Electronically |

## FEDERATED'S MOTION TO DISMISS IN PART PLAINTIFF'S SECOND AMENDED COMPLAINT

Pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure, Defendants Federated Investors, Inc., Federated Investment Management Company, Federated Global Investment Management Corp., Federated Equity Management Company of Pennsylvania, Federated Securities Corp., Federated Services Company, and Federated Shareholder Services Company (collectively, "Federated") respectfully move this Court for an order dismissing Count II and Count III of Plaintiff's Second Amended Complaint ("Complaint" or "Compl.") with prejudice. In support of this Motion, Federated states as follows:

1. Count II asserts a claim pursuant to Sections 206 and 215 of the Investment Advisers Act of 1940 ("IAA"), 15 U.S.C. § 80b-06 and 80b-15, challenging the lawfulness of investment management fees charged and paid with respect to all Share Classes of Federated Kaufmann Fund ("FKF").

2. Count III asserts a claim pursuant to Section 36(b) of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a-35(b), challenging the lawfulness of a 0.20% Redemption Fee charged to certain shareholders who redeem Class K Shares.

3. Plaintiff's ICA Section 36(b) claim with respect to the Redemption Fee charged to certain shareholders who redeem Class K Shares must be dismissed because the Redemption Fee is not (and never has been) paid to Federated. See 15 U.S.C. § 80a-35(b)(3) ("[n]o such action shall be brought or maintained against any person other than the recipient of such compensation or payments, and no damages or other relief shall be granted against any person other than the recipient of such compensation or payments").

4. Plaintiff's IAA Section 206 and 215 claim must be dismissed because Plaintiff has failed to comply with the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, which require that she make a pre-suit demand on the Board of Trustees governing FKF with respect to the IAA claim that she now asserts. See Fed. R. Civ. P. 23.1.

For these reasons and for the reasons set forth in the Memorandum in Support of this Motion to Dismiss, which is filed herewith and is hereby incorporated by reference, Defendants respectfully request that this Court dismiss Counts II and III of Plaintiff's Second Amended Complaint with prejudice.

A proposed Order granting this Motion is submitted herewith.

Dated:  March 3, 2006　　　　　　　　　　Respectfully Submitted,

**REED SMITH LLP**

By:  s/Perry A. Napolitano
　　　Thomas L. Allen, Pa. I.D. No. 33243
　　　Perry A. Napolitano, Pa. I.D. No. 56789
　　　Joseph E. Culleiton, Pa. I.D. No. 82823
　　　David J. Bird, Pa. I.D. No. 92424
　　　435 Sixth Avenue
　　　Pittsburgh, PA 15219
　　　Telephone:  (412) 288-3131

*Attorneys for Defendants Federated Investors, Inc., Federated Investment Management Company, Federated Global Investment Management Corp., Federated Equity Management Company of Pennsylvania, Federated Securities Corp., Federated Services Company, and Federated Shareholder Services Company*