IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRETCHEN W. REAVES, on behalf of and for the benefit of FEDERATED KAUFMANN FUND,<br><br>Plaintiff,<br><br>v.<br><br>FEDERATED INVESTORS, INC., FEDERATED EQUITY MANAGEMENT COMPANY OF PENNSYLVANIA, FEDERATED SECURITIES CORP., FEDERATED GLOBAL INVESTMENT MANAGEMENT CORP., FEDERATED INVESTMENT MANAGEMENT COMPANY, FEDERATED SERVICES COMPANY, AND FEDERATED SHAREHOLDER SERVICES COMPANY,<br><br>Defendants. | 2:05cv201<br>Electronic Filing |

## MEMORANDUM ORDER

AND NOW, this 5 day of March, 2007, upon due consideration of defendants' motion to dismiss in part plaintiff's Second Amended Complaint and the parties' submissions in conjunction therewith, IT IS ORDERED that the motion (Doc. No. 59) be, and the same hereby is, granted. Count II of the Second Amended Complaint is dismissed without prejudice for failure to satisfy the derivative demand requirement of Fed. R. Civ. P. 23.1 and Count III is dismissed for failure to state a claim upon which relief can be granted.

Contrary to plaintiff's expansive reading and open-ended approach, "Congress took great pains to specify who may be held liable and from whom damages may be recovered under section 36(b)." Green v. Fund Asset Mgmt., L.P., 147 F. Supp.2d 318, 330 (D. N.J. 2001) (citing 15 U.S.C. § 80a-35(b)), aff'd, 286 F.3d 682 (3d Cir. 2002), cert. denied, 537 U.S. 884 (2002). Virtually all courts to consider the matter have recognized that proper defendants under Section 36(b) of the Investment Company Act of 1940 are limited to those that can be found to be the "recipient of [] compensation or payments" constituting Rule 12b-1 fees. See e.g. Zucker v. AIM Advisors, Inc., 371 F. Supp.2d 845, 848-49 (S.D. Tex. 2005) (collecting cases); In re AllianceBernstein Mutual Fund Excessive Fee Litig., 2005 WL 267753 (S.D. N.Y.

2005) (collecting cases); 15 U.S.C. § 80a-35(b)(3).

Consistent with Congress' discerning approach, the limitations within this section of the Act "must be narrowly read to mean that only those who receive money paid by the investment company for investment advisory services may be held liable for breach of their fiduciary duty with respect to such persons." Halligan v. Standard & Poor's/Intercapital, Inc., 434 F. Supp. 1082, 1085 (E.D. N.Y. 1977). And while the cause of action for disgorgement extends to "affiliated persons" used by the investment advisor in an effort to "evade liability by arranging for payments to be made not to the advisor itself but to an affiliated person of the advisor," In re AllianceBernstein Mutual Fund Excessive Fee Litig., supra, at *7 (quoting Senate Report 91-184, at 16 (1969), reprinted in 1970 U.S.C.C.A.N. 4897, 4910-11), the courts have been uniform in rejecting approaches that cannot directly trace the compensation or payment for advisory services to the ultimate beneficiary/defendant and seek to found liability on an indirect receipt and/or benefit from the payment of such fees or some other form of compensation. See e.g. Zucker, 371 F. Supp.2d at 849 ("Allowing Plaintiff to maintain an action against the Advisor on the theory that it was an indirect recipient of the 12b-1 fees would abrogate the limitation imposed by § 36(b)(3), and thwart Congress' judgement concerning the appropriate remedy for violation of § 36. Thus, Plaintiff's § 36 claim against the Advisors must be dismissed."); In re AllianceBernstein Mutual Fund Excessive Fee Litig., supra, at *7 ("Here, the Amended Complaint does not allege claims against the Directors and ABIRM as a method of tracing advisory fees through the corporate apparatus to enforce underlying claims against the Advisors. As a result, Plaintiffs' Section 36(b) claims against ABIRM and the Directors are properly dismissed."); In re Eaton Vance Mutual Funds Fee Litig., 403 F. Supp.2d 310, 316 (S.D. N.Y. 2005) ("But there is no allegation that the Trustees directly received any of the disputed payments other than by merely receiving compensation for their trustee services, which would be an indirect benefit excluded from § 36(b)."); In re TCW/DW North American Government Income Trust, 941 F. Supp. 326 (S.D. N.Y. 1996) ("The complaint does not allege that either DW Distributors or DW Services ever received compensation for investment

advisory services. Therefore, as to these two defendants, the Court dismisses plaintiffs' fourth cause of action brought pursuant to § 36(b) of the ICA.").

Here, plaintiff alleges that the Fund's investment adviser has benefitted from the redemption fee in question by obtaining a reduction in the Fund's annual operating expenses, which in turn reduces the total expenses that exceed the threshold at which the investment advisor has obligated itself to pay under an expense limitation agreement, thereby reducing the advisor's annual reimbursement obligation under that agreement. Such indirect approaches to establishing the receipt of compensation or payments clearly are beyond Section 36(b)'s purview. Compare In re Eaton Vance Mutual Funds Fee Litig., 380 F. Supp.2d 222, 238 (S.D. N.Y. 2005) (Dismissing Section 36(b) claim founded on contention that "the Investment Advisor Defendants and the Trustee Defendants benefitted from the distribution fees indirectly, because the fees were used to increase the assets under management and therefore increase the size of the fees payable to the Investment Advisor Defendants, which are calculated as a percentage of assets under management."); accord Green v. Nuveen Advisory Corp., 186 F.R.D. 486, 492 N.D. Ill. 1999) (Dismissing Section 36(b) claim against affiliated person founded on allegations that entity "received compensation with respect to all shares of APS sold to it by a broker-dealer, or held by it as a result of a sale in an earlier auction" because such contentions do not identify "payments of a material nature within the meaning of § 36(b)."). Accordingly, Count III of plaintiff's Second Amended Complaint must be dismissed.

Plaintiff's attempt to excuse the Rule 23.1 demand requirement for Count II on the ground that the reasonableness of the Board's investigation into and business judgement concerning the prior September 2004 § 36(a) demand sufficiently have been called into question, which in turn demonstrates the futility of making a second demand, is unavailing. There is ample authority to support the Board's determination that a private cause of action does not exist under the Section 36(a) claim presented in the September 2004 demand. See Plaintiff's Memorandum in Opposition (Doc. No. 63) at 9 n. 3 (citing In re Lord Abbett Mutual Funds Fee Litigation, Master File 04cv559 (D. N.J. August 30, 2005)). Given the clear

support for the specific reason cited in support of the Board's refusal, there is no basis to assume that the general assessment by the Board concerning the "best interests" of the Fund necessarily encompassed a comprehensive analysis of all conceivable claims that could be predicated on the general gravamen of plaintiff's September 2004 demand. Such an assumption would be speculative because the two causes of action now under consideration have different elements and provide for different remedies. And even assuming that the Board engaged in such an analysis, its mere disagreement with plaintiff's assessment of the propriety of the fees in question and corresponding decisions to continue approving the fees do not provide a predicate for demonstrating that a demand on the present claim necessarily would be wrongfully refused and therefore should be excused as futile. See Harhen v. Brown, 730 N.E.2d 859, 848 (Mass. 2000) (searching inquires and lengthy explanations are not required to support a demand refusal and a brief or limited response to a demand does not in itself displace the protection afforded under the business judgement rule); Brehm v. Eisner, 746 A.2d 244, 257 n. 34 (Del. 2000) ("It is no answer to say that demand is necessarily futile because [] the directors ... approved the underlying transaction.") (cited with approval in Harhen). It follows that Count II must be dismissed without prejudice for failure to comply with Fed. R. Civ. P. 23.1.



David Stewart Cercone
United States District Judge

cc:    Charles Durham Reaves, Esquire
Jerome A. Broadhurst, Esquire
Armstrong Allen, PLLC
Brinkley Plaza
80 Monroe Avenue
Suite 700
Memphis, TN 38103-2467

Thomas L. Allen, Esquire
Perry A. Napolitano, Esquire
Casey C. Dick, Esquire
David J. Bird, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219